IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BARBARA JOY HOFF,

        Plaintiff,

    v.                                   Civil Action No. 1:25-cv-32

SHERIFF TODD FORBES, et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION [ECF NO. 58], GRANTING DEFENDANTS' MOTIONS TO
DISMISS [ECF NOS. 40, 42], AND DISMISSING PLAINTIFF'S SECOND
AMENDED COMPLAINT WITH PREJUDICE [ECF NO. 29]

I.      <u>BACKGROUND AND REPORT AND RECOMMENDATION</u>

On April 4, 2025, Plaintiff Barbara Joy Hoff filed a <u>pro</u> <u>se</u> complaint against Defendants Sheriff Todd Forbes ("Forbes"), Mark Musick ("Musick"), and G. Russell Rollyson, Jr., Deputy Commissioner of Delinquent and Non-Entered Lands ("Deputy Commissioner"). ECF No. 1. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi (the "Magistrate Judge") for initial review. ECF No. 5. Plaintiff ultimately filed a Second Amended Complaint [ECF No. 29] on May 12, 2025.[1] In the Second Amended Complaint, Plaintiff complains that she was not given the

---

[1] Though Plaintiff filed the Second Amended Complaint without leave of Court or written consent of the parties [<u>see</u> Fed. R. Civ. P. 15], the Court **ADOPTS** the magistrate judge's decision to accept this as the operative pleading considering Plaintiff's <u>pro</u> <u>se</u> status and that Defendants did not raise this issue in their motions to dismiss.

correct map numbers or parcel numbers for 17 properties she purchased in 2014, through *ad valorem* real estate tax liens. She alleges that the Defendants failed to properly convey these properties to her because she does not know the addresses and locations of the 17 properties. ECF No. 29.

On May 23, 2025, Forbes and Musick moved to dismiss the operative Complaint. ECF No. 40. The Deputy Commissioner similarly filed a motion to dismiss on May 27, 2025. ECF No. 42. Plaintiff filed responses in opposition on June 3, 2025. ECF Nos. 49,50. Forbes and Musick replied in further support of their motion on June 6, 2025. ECF No. 52. On September 15, 2025, the Magistrate Judge entered a Report and Recommendation ("R&R") [ECF No. 58], recommending the Court dismiss Plaintiff's Second Amended Complaint [ECF No. 29] with prejudice and grant the Defendants' respective motions to dismiss [ECF Nos. 40, 42], among other things. ECF No. 58.

The R&R informed the parties that they had fourteen (14) days from the date of service of the R&R to file "specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection." It further warned them that the "[f]ailure to timely file objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." Id. at p. 14. Plaintiff accepted

service of the R&R on September 22, 2025 [ECF No. 59] and subsequently filed timely objections to the R&R on October 7, 2025.

## II.  OBJECTIONS AND STANDARD OF REVIEW

Plaintiff raises three primary objections or issues: (1) she claims she was denied Due Process because the Magistrate Judge entered the R&R without a hearing; (2) she objects to the conclusion that she failed to state a claim for relief; and (3) the Defendants engaged in fraud because she does not have physical possession of her property. ECF No. 60. When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603–04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (emphasis added) (citing Orpiano v. Johnson,

3

687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b).

First, the Court **OVERRULES** Plaintiff's Due Process Objection because she is not entitled to a hearing before the Court rules on the pending motions. "By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings." Fed. R. Civ. P. 78; see LR Civ P 78.01. Plaintiff was provided an opportunity to be heard through her briefings to the Magistrate Judge, and again through her objections to this Court. Accordingly, this objection is **OVERRULED** because the Magistrate

4

Judge did not err by making his findings and recommendations based on the written record without a hearing.

Second, Plaintiff objects to the Magistrate Judge's finding that she failed to state a claim for relief and a basis under law because she is seeking performance of the 17 contracts and asserts that the Defendants have acted fraudulently. ECF No. 60. Plaintiff contends that the Defendants were legally obligated to provide the address, map number and parcel number of the property sold to her on the "State Tax Commissioner of West Virginia Sales Listing Form", citing W.Va. Code § 11-22-6 et seq. Id.

West Virgina Code § 11-22-6 provides in pertinent part:

> In all cases the forms shall require the tax map and parcel number of the property, the district or municipality in which the real property or the greater portion thereof lies, the address of the property, the consideration or value in money, including any other valuable goods or services, upon which the buyer and seller agree to consummate the sale, and any other financing arrangements affecting value.

W. Va. Code § 11-22-6.

The above cited statute sets forth certain duties of the clerk of the county commission and the tax commissioner and relates to the tax lien process. See Id. Section 11-22-6 does not require a County Sheriff (Defendant Forbes) or a County Assessor (Defendant Musick) to maintain mineral interests on a county tax map. Thus, this cited language does not create a claim against either of these

Defendants.

Furthermore, the record before the Court provides that Plaintiff received all of the information available to her on the county level. She complains in her Second Amended Complaint that the 17 properties were not deeded to her and that she wanted to know whether the properties were "land or minerals, or both." The records provided by the parties show that the mineral interests were deeded to Plaintiff and she has been assessed property taxes on the mineral interests for a number of years. Thus, Plaintiffs' claims against Defendants Forbes and Musick fail to state a claim upon which relief can be granted because they do not play a role in the State's tax lien process and Plaintiff was provided all the information available on the county level, including Mineral ID numbers. Thus, Plaintiffs' objections to the R&R as they pertain to Defendants Forbes and Musick are **OVERRULED.**

Third, as for Plaintiff's claims against Deputy Commissioner Rollyson, these similarly fail under Federal Rule of Evidence 12(b)(6). Paragraph Four of Plaintiff's Second Amended Complaint states that the Deputy Commissioner had an obligation to convey the properties to her by deed, including the correct map and parcel numbers. ECF No. 29. Thereafter, in her objections, Plaintiff asserts the Deputy Commissioner engaged in fraud because he agreed by contract "to sell **real estate** (not just minerals)." ECF No. 60 (emphasis in original). She asserts that the deeds are thus

deceptive, if they are only for minerals. Id.

Plaintiff's argument fails because mineral interests are real estate. "[I]t has been well settled in West Virginia that an interest in oil and gas in place is a real property interest." Venable Royalty, LTD v. EQT Prod. Co., 250 W. Va. 764, 768, 908 S.E.2d 501, 505 (Ct. App. 2024); see Syl Pt., Manufacturers' Light & Heat Co. v. Knapp, 102 W. Va. 308, 135 S.E. 1 (1926) ("Oil and gas in place is real estate"). Thus, the deeds at issue are real estate but are not surface estate deeds; Plaintiff does not own the land above her mineral interests.[2] Thus, she was conveyed through deed the interests she purchased through *ad valorem* tax sales. Furthermore, to the extent Plaintiff argues the Sales Listing Forms were not filled out completely, W. Va. Code § 11-22-6 provides "[t]hat the filing with the clerk of a duplicate deed containing the sales listing form information required by this section shall also satisfy the requirements of this section regarding the sales listing form." As such this argument additionally fails because the deeds were filed in Monongalia County and included the sales listing information such as the property descriptions and the last owners. For these reasons, the

---

[2] The Supreme Court of Appeals of West Virginia has held that "the word 'surface,' when used in an instrument of conveyance, generally means the exposed area of land, improvements on the land, and any part of the underground actually used by a surface owner as an adjunct to surface use." Faith United Methodist Church & Cemetery of Terra Alta v. Morgan, 745 S.E.2d 461, 480-81 (W. Va. 2013).

Court **OVERRULES** Plaintiff's objections to the R&R as they pertain to Deputy Commissioner Rollyson.

The Court reviewed the remainder of the R&R for clear error and found none.

### III. <u>CONCLUSION</u>

For these reasons, the Court **ADOPTS** the R&R in its entirety [ECF No. 58] and **OVERRULES** Plaintiff's objections [ECF No. 60]. Defendants' Motions to Dismiss the Second Amended Complaint [ECF Nos. 40, 42] are **GRANTED.** All other pending motions are **DENIED AS MOOT.** Plaintiff's Second Amended Complaint is **DISMISSED WITH PREJUDICE** and the Court **DIRECTS** the Clerk to strike this case from the Court's active docket.

It is so **ORDERED.**

The Clerk shall transmit copies of this Order to counsel of record via email and the <u>pro</u> <u>se</u> Plaintiff via certified mail, return receipt requested.

**DATED:** March 19, 2026

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA